[Civil No. 4440. Filed October 19, 1942.]

[129 Pac. (2d) 995.]

A. C. WHITING, as Administrator of the Estate of Lynn Whiting, Deceased, Appellant, v. LYMAN WATER COMPANY, a Corporation, Appellee.

Mr. F. Ray Brown, of Salt Lake City, Utah, for Appellant.

Messrs. Snell & Strouss and Mr. Mark Wilmer, for Appellee.

ROSS, J.—This case is here on a motion by the Lyman Water Company for a rehearing, which motion was granted and oral argument heard in support of and against it.

The company is dissatisfied with our decision, reported in 124 Pac. (2d) 316 (*ante,* p. 121), wherein it was held, under the facts appearing, Whiting was entitled to secure irrigation water for certain of his premises from the company, and is asking that we reconsider such decision, set it aside and hold that the company is under no obligation to furnish Whiting water.

It is not suggested or argued by movant that Whiting, during all the time from 1915 to date of trial, was not furnished water for his land when it was available, on the same terms and conditions as other water users; that is, that he pay his proportionate share of the costs of operating the reservoir and canal system. He was assessed like all other water users.

It was not necessary that Whiting own stock in the company to entitle him to water. *Olsen* v. *Union Canal and Irrigation Company,* 58 Ariz. 306, 119 Pac. (2d) 569.

While it appears that Whiting did own but lost to the State of Arizona 40 shares of stock, that fact seems to have been immaterial as between him and the stockholders and, for many years, as between him and the company for he continued to demand, receive and pay for his irrigation water the same as all others did. While the application of the water was later on changed to a different piece of land by mutual understanding, no point was made of that since such changes were recognized as permissible.

It seems to be the claim of the company that, because Whiting lost his 40 shares of stock to the

state, he lost all claim to any water with which to continue to irrigate his land. The right to the use of water consists of its prior appropriation and beneficial application to the soil. It is not questioned that Whiting's appropriation and use were originally good and in accordance with law, the claim being that he forfeited such right because he breached his promise to repurchase the stock from the state. The state is not complaining, if it could after so long a period of acquiescence.

After a careful examination of the law and the facts, we are of the opinion that the judgment heretofore rendered should not be disturbed.

LOCKWOOD, C. J., and McALISTER, J., concur.